**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FRANK ASANTE                                                CIVIL ACTION
3000 Ford Road, Apt J34
Bristol, PA 19007
                                                            NO.
        vs.

AMERICAN FAMILY CONNECT PROPERTY
AND CASUALTY INSURANCE COMPANY
6000 American Parkway                                       JURY TRIAL DEMANDED
Madison, WI 53783

**COMPLAINT - CIVIL ACTION**

**PARTIES**

1.   Plaintiff herein is an individual, a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 3000 Ford Road, Bristol.

2.   Defendant, American Family Connect Property and Casualty Insurance Company, is a Wisconsin corporation with its principal office address located at 6000 American Parkway, Madison, WI 53783.   At all times material hereto, it has been licensed to transact insurance business in the Commonwealth of Pennsylvania.

**JURISDICTION**

3.   Jurisdiction herein is founded upon diversity of citizenship, 28 U.S.C. 1332, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**STATEMENT OF FACTS**

4.   At all times material hereto, Defendant, American Family Connect Property and Casualty Insurance Company (hereinafter "Connect"), pursuant to Automobile Policy No. A103086254, insured Plaintiff and owes him certain automobile coverage benefits under the "Stacked Underinsured Motorist Coverage" endorsement of the policy.

5.   On or about Wednesday, March 27, 2024, at or about 6:00 p.m., Plaintiff was operating his Connect-insured 2017 Hyundai in a generally southbound direction on Roosevelt Boulevard at or about its intersection with Adams Avenue, Philadelphia, Pennsylvania, when his vehicle was negligently and violently struck in the rear while stopped by a 2008 Buick LaCrosse owned by Jermaine L. Fisher and also operated by him in a generally southbound direction on Roosevelt Boulevard.   As a result of the said collision, Plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

6.   The negligence of Jermaine L. Fisher consisted of the following:

(a) operating his motor vehicle at an excessive rate of speed under the circumstances;

(b) failure to take due note of the point and position of Plaintiff's vehicle upon the highway;

(c) failure to have his motor vehicle under proper and adequate control at the time;

(d) failure to give proper and sufficient warning of the approach of his motor vehicle;

(e) failure to yield the right of way;

(f)  failure to maintain a proper lookout; and

(g)  failure to keep the assured clear distance ahead.

7.   As a result of the accident aforementioned, Plaintiff sustained concussion with post-concussion syndrome; post-traumatic headaches; injury to his head; injury to his chest; injury to his shoulders; injury to his left knee; injury to his cervical, thoracic and lumbosacral spines, their bones, cells, tissues, discs, nerves, muscles and functions; and shock and injury to his nerves and nervous system, some or all of which injuries, Plaintiff has been advised are or may be permanent in nature.

8.   As a result of the accident aforementioned, Plaintiff has undergone great physical pain and mental anguish, and he may or will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

9.   As a result of the accident aforementioned, Plaintiff has suffered a loss and depreciation of his earnings and earning capacity, and he may or will continue to suffer such loss and depreciation for an

indefinite time in the future, to his great detriment and loss.

10. As a result of the accident aforementioned, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he may or will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

11. As a result of the accident aforementioned, Plaintiff has been obliged to expend large sums of money for medicines and medical care and treatment in an effort to effect a cure of his aforesaid injuries, and he may or will be obliged to continue to expend such sums of money for the same purposes, for an indefinite time in the future, all to his great detriment and loss.

12. A claim was presented against the underinsured tortfeasor, Jermaine L. Fisher, and his motor vehicle insurance carrier, Travelers, which tendered Jermaine L. Fisher's $15,000.00 limits of liability coverage.

13. Defendant Connect sold uninsured and underinsured motorist coverage to Plaintiff, which coverage was in full force and effect on March 27, 2024. A copy of the applicable Pennsylvania auto policy renewal declarations is attached hereto as Exhibit "A". Plaintiff's insurance policy with Connect included "consent to settle" language under which the Plaintiff was required to obtain the consent of Defendant before settling his claim with the underinsured tortfeasor, Jermaine L. Fisher, and the insurance carrier covering the collision. By email letter dated March 31, 2025, Ms. Desiree Tucker, on behalf of Defendant Connect, notified Plaintiff's counsel that Defendant consented to the settlement and granted permission for Plaintiff to settle his bodily injury claim against Jermaine L. Fisher and Travelers. See "Consent to Settle" letter attached hereto as Exhibit "B".

14. Plaintiff thereafter settled his claim against Jermaine L. Fisher and his carrier, Travelers, for their $15,000.00 of available liability coverage.

15. The value of Plaintiff's claim far exceeds the $15,000.00 he received from Travelers.

16. The "Stacked Underinsured Motorist Coverage" contained in the policy issued to Plaintiff is applicable to and covers the automobile accident described herein and Plaintiff has timely notified Defendant of the incidents giving rise to this claim.

17.   Defendant was obligated to provide Plaintiff with such benefits as a result of damages and injuries he sustained to the extent that the tortfeasor was an underinsured individual.

18.   Plaintiff, through his counsel, has provided to Defendant all of the medical records and reports describing his condition, treatment and prognosis.

19.   Plaintiff continues to have persistent pain and certain limitations and is, therefore, desirous of receiving his policy benefits and is entitled to same.

20.   Defendant has failed to objectively and fairly evaluate Plaintiff's claim and, in its refusal to pay policy benefits, has breached the terms of its policy.

21.   As the insured of Connect, Plaintiff is owed a fiduciary, contractual and statutory duty and obligation by Defendant to investigate, evaluate, and negotiate the underinsured claim in good faith and to arrive at a prompt, fair and equitable settlement.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

*Alexander B. Giacobetti*

_____
ALEXANDER B. GIACOBETTI, ESQUIRE
Attorney for Plaintiff
Identification No. 10120
Two Penn Center, Suite 1205
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215)563-6800
agiacobetti@abglaw.net